# EXHIBIT "1"

State Court of Fulton County
**E-FILED**
21EV004992
8/23/2021 3:45 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KENDRIANNA HOLLIS, | * | |
| | * | **CIVIL ACTION FILE** |
| **Plaintiff,** | * | **NO.**_____ |
| | * | **(SERVED WITH DISCOVERY)** |
| **vs.** | * | |
| | * | |
| **WAYNE A. HENRY,** | * | |
| **BEBO LOGISTICS, INC.,** | * | |
| **PROGRESSIVE EXPRESS** | * | |
| **INSURANCE COMPANY,** | * | |
| **JOHN DOE, and ABC CORP. 1-5,** | * | |
| | * | |
| **Defendants.** | * | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PERSONAL INJURIES**

COMES NOW, Kendrianna Hollis ("Plaintiff"), by and through undersigned counsel, and files this Complaint for damages against Wayne A. Henry, Bebo Logistics, Inc., and Progressive Express Insurance Company (hereinafter collectively referred to as "Defendants"), John Doe, and ABC Corp. 1-5, and shows this Court the following facts and circumstances in support of this Complaint:

**I. PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff is an individual and resident of Fulton County, Georgia.

2.

Upon information and belief, Defendant Wayne A. Henry (hereinafter "Defendant Henry") is a non-resident motorist as defined by O.C.G.A. § 40-12-1. Service of process may be perfected on Defendant Henry by serving the Summons and Complaint on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to this Court pursuant to O.C.G.A. § 40-12-2.

3.

Alternatively, service on Defendant Henry may be perfected pursuant to the Long Arm Statute, O.C.G.A. § 9-10-90, et seq., by service of with a summons outside the State of Georgia in the same manner as service is made within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction.

4.

Defendant Bebo Logistics, Inc. (hereinafter "Defendant Bebo") is a Foreign Profit Corporation is subject to the jurisdiction of this Court and can be served in any manner allowed by Georgia law with a Summons, Complaint, Request for Admissions, Interrogatories, and Request for Production of Documents by serving its registered agent, Wayne A. Henry at 16207 SW 48th Street in Miramar, Florida 33027.

5.

Defendant Progressive Express Insurance Company (hereinafter "Defendant Progressive") is a Foreign Profit Corporation authorized to conduct business in the State of Georgia. Service of process may be perfected on Defendant Progressive by serving its registered agent, CT Corporation System, at 289 South Culver Street in Lawrenceville, Georgia 30046, by delivering a copy of the Summons and Complaint to Defendant Progressive. Because Defendant Progressive is an insurance company, it is subject to Venue anywhere it has an agent and does business. *See* O.C.G.A. § 33-4-1. Defendant Progressive has numerous agents in Fulton County and routinely does business in Fulton County.

6.

Should it be determined that another person was the at fault party, Plaintiff hereby names Defendant John Doe. The identity of Defendant John Doe is unknown at this time.

7.

Defendants ABC Corp. 1-5 are unnamed and unknown at this time.

8.

Jurisdiction and Venue are appropriate in this Court as the collision which forms the basis of this lawsuit occurred in Fulton County, Georgia.

## II. BACKGROUND

9.

This personal injury action arises from an automobile collision between Defendants' vehicle and the Plaintiff's vehicle.

10.

At all times relevant, Defendant Henry was operating a 2017 Freightliner FRT TT semi-truck (hereinafter the "Truck").

11.

On or about January 8, 2021, Plaintiff was travelling northbound on N Commerce Drive at its intersection with Washington Road in Fulton County, Georgia, proceeding forward with the right of way

12.

At the same time and place, immediately in front of the Plaintiff, Defendant Henry was attempting to make a U- Turn, when suddenly, and without warning, Defendant Henry did not completely exit the lane of travel into the turn lane and the rear of his vehicle shot out into the Plaintiff's lane of travel causing a violent collision with the Plaintiff's vehicle and causing significant injuries to Plaintiff.

13.

At all times relevant, Defendant Bebo owned the Truck operated by Defendant Henry.

14.

At all times relevant, Defendant Henry operated the Truck within the course and scope of his employment with Defendant Bebo.

15.

At all times relevant, the Truck was insured with Defendant Progressive, covering Defendants in this action.

16.

Defendant Henry was negligent in the operation of the Truck, causing the collision which resulted in injuries to Plaintiff.

17.

The Plaintiff sustained an actionable injury in the collision.

### III. **DIRECT ACTION**

18.

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs above as if fully restated and further alleges:

Defendant Progressive is subject to a direct action as the insurer for Defendant Bebo and Defendant Henry pursuant to O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112.

19.

Defendant Progressive was the insurer for Defendant Bebo at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

20.

Defendant Progressive and Defendant Bebo are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112 or its predecessor O.C.G.A. § 46-7-12.1.

21.

Defendant Progressive is responsible for the damages caused through negligent conduct of its insured, Defendants in this action.

22.

Defendant Henry was negligent *per se* because he violated O.C.G.A. § 40-6-48 for failure to maintain lane and O.C.G.A. §§ 40-6-120, 40-6-123 for an improper turn.

23.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to her body, personal inconvenience, plus an inability to lead a normal life. As a result of the collision, Plaintiff has incurred medical bills in excess of $10,000.00.

## IV. NEGLIGENCE

24.

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs above as if fully restated and further alleges:

The collision was caused by the recklessness, carelessness, negligence, and negligence per se of the Defendants for the following acts and omissions:

(a) Improper turn in violation of O.C.G.A. §§ 40-6-120, 40-6-123;
(b) Failure to maintain lane in violation of § 40-6-48;
(c) Driving with impaired alertness in violation of 49 CFR § 392.3;
(d) Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;
(e) Distracted driving in violation of O.C.G.A. § 40-6-180;
(f) Improper driving in violation of O.C.G.A. § 40-6-41;
(g) Operating a motor vehicle in reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;
(h) Failed to operate a motor vehicle in a safe fashion under the circumstances then existing in violation of O.C.G.A. § 40-6-180;

(i)  Failed to keep a proper lookout for other vehicles lawfully upon the highway;

(j)  Failed to maintain reasonable vigilance in the operation of a motor vehicle;

(k) Disregarded the flow of traffic;

(l)  Failed to drive prudently;

(m) Failed to see what she should have seen;

(n) Vicarious liability pursuant to the Doctrine of *Respondeat Superior* codified in O.C.G.A. § 51-2-2;

(o) Negligent entrustment;

(p) Any and all other respects in violation of the Georgia Uniform Rules of the Road and other acts/omissions not now known to the Plaintiff but which may become known prior to or at the time of trial.

25.

At all times material herein, Plaintiff conducted herself in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused her injuries.

26.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendant, the Plaintiff:

(a)  suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;

(b)  has and will be required to undergo medical treatment and to incur medical costs and expenses in excess of $10,000.00 to alleviate said injuries, pain, and suffering;

(c)  has and will be precluded from engaging in normal activities and pursuits, including the loss of the ability to earn money;

(d)  otherwise was hurt, injured, and caused to sustain losses;

(e)  all of the Plaintiff's losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, without any negligence or want of due care on the Plaintiff's part contributing thereto.

27.

Defendant Bebo is vicariously liable for the actions of its employee or agent (Defendant Henry), who was acting in the course and scope of his relationship with Defendant Bebo at the time of this collision, through *Respondeat Superior*.

28.

Defendant Bebo was negligent in the hiring, training, supervising, and retention of Defendant Henry.

29.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to her body, personal inconvenience, plus an inability to lead a normal life. As a result of the collision, Plaintiff has incurred medical bills in excess of $10,000.00.

30.

Defendants with actual knowledge negligently entrusted the Truck to Defendant Henry who operated said vehicle in a negligent manner, causing a collision with Plaintiff and causing injuries and damages as stated herein.

31.

Defendants knew or should have known that Defendant Henry was an incompetent or habitually reckless driver, and entrusted the Truck to him anyway.

32.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to her body, personal inconvenience, plus an inability to lead a normal life. As a result of the Defendants negligently entrusting the Truck to Defendant Henry, Plaintiff has incurred medical bills in excess of $10,000.00.

33.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubbornly litigious and bad faith conduct.

34.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions for the negligent hiring, training, and retention of Defendant Henry, Plaintiff is entitled to an award of Punitive Damages under O.C.G.A. § 51-12-5.1.

35.

Defendants are indebted to Plaintiff for past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; past, present, and future lost wages; expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff respectfully demands trial by a fair and impartial jury on all issues and for the following:

(a) That Defendant be found liable for recklessness, carelessness, negligence, and negligence *per se;*

(b) That Plaintiff be awarded an amount for special damages in excess of $11,000.00 for said recklessness, carelessness, negligence, and negligence *per se* of Defendant, pursuant to O.C.G.A. § 51-12-1 *et seq;*

(c) The Plaintiff be awarded an amount for general damages to be proven at trial for said recklessness, carelessness, negligence, and negligence *per se* of Defendant, pursuant to O.C.G.A. § 51-12-1 *et seq;*

(d) That Plaintiff be awarded an amount for recovery of expenses of litigation, penalties, and attorneys' fees because of the Defendant's stubbornly litigious and bad faith conduct, pursuant to O.C.G.A. § § 13-6-11 and 51-12-7;

(e) That Plaintiff be awarded Punitive Damages;

(f) That Plaintiff be granted a trial by jury;

(g) That Plaintiff be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable.

Respectfully submitted, August 23, 2021.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division                          CIVIL ACTION FILE #: _____

Kendrianna Hollis
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Bebo Logistics c/o Wayne A. Henry
16207 SW 48th Street
      Miramar        FL      33027
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| X[ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:
   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Clark Karell - Karell Trial Attorneys, LLC
Address: 3344 Peachtree Road, NE, Suite 800
City, State, Zip Code: Atlanta, GA 30326          Phone No.: 6789993331

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.   _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____
This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV004992
8/23/2021 3:45 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
· Civil Division

CIVIL ACTION FILE #: _____

Kendrianna Hollis
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Wayne A Henry
2565 Centergate Drive, Apt 102
Miramar      FL      33025

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| X[ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Clark Karell - Karell Trial Attorneys, LLC

Address: 3344 Peachtree Road, NE, Suite 800

City, State, Zip Code: Atlanta, GA 30326      Phone No.: 6789993331

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.      _____
                                                             DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV004992
8/23/2021 3:45 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Kendrianna Hollis
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Progressive Express Ins. Co. c/o CT Corporation System

289 South Culver Street
_____
          Lawrenceville    GA    30046
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| X[ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Clark Karell - Karell Trial Attorneys, LLC

Address: 3344 Peachtree Road, NE, Suite 800

City, State, Zip Code: Atlanta, GA 30326        Phone No.: 6789993331

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.    _____
                                                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV004992
8/23/2021 3:45 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **KENDRIANNA HOLLIS,** | * | |
| | * | **CIVIL ACTION FILE** |
| **Plaintiff,** | * | **NO._____** |
| | * | |
| **vs.** | * | |
| | * | |
| **WAYNE A. HENRY,** | * | |
| **BEBO LOGISTICS, INC.,** | * | |
| **PROGRESSIVE EXPRESS** | * | |
| **INSURANCE COMPANY,** | * | |
| **JOHN DOE, and ABC CORP. 1-5,** | * | |
| | * | |
| **Defendants.** | * | |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BEBO LOGISTICS, INC.** by electronically filing and having copies served on the following:

Wayne A. Henry
(Defendant)
2565 Centergate Drive, Apartment 102
Miramar, Florida 33025

Bebo Logistics, Inc.
(Defendant)
c/o Wayne A. Henry
16207 SW 48th Street
Miramar, Florida 33027

Progressive Express Insurance Company
(Defendant)
c/o CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

*(Signature on Following Page)*

Respectfully submitted, August 23, 2021.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

State Court of Fulton County
**E-FILED**
21EV004992
8/23/2021 3:45 PM
Christopher G. Scott, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **KENDRIANNA HOLLIS,** | * | |
| | * | **CIVIL ACTION FILE** |
| **Plaintiff,** | * | **NO.**_____ |
| | * | |
| **vs.** | * | |
| | * | |
| **WAYNE A. HENRY,** | * | |
| **BEBO LOGISTICS, INC.,** | * | |
| **PROGRESSIVE EXPRESS** | * | |
| **INSURANCE COMPANY,** | * | |
| **JOHN DOE, and ABC CORP. 1-5,** | * | |
| | * | |
| **Defendants.** | * | |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAYNE A. HENRY** by serving the following:

Wayne A. Henry
(Defendant)
2565 Centergate Drive, Apt 102
Miramar, Florida 33025

Bebo Logistics, Inc.
(Defendant)
c/o Wayne A. Henry
16207 SW 48th Street
Miramar, Florida 33027

Progressive Express Insurance Company
(Defendant)
c/o CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

*(Signature on Following Page)*

Respectfully submitted, August 23, 2021.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

State Court of Fulton County
**E-FILED**
21EV004992
8/23/2021 3:45 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **KENDRIANNA HOLLIS,** | * | |
| | * | **CIVIL ACTION FILE** |
| **Plaintiff,** | * | **NO.**_____ |
| | * | |
| **vs.** | * | |
| | * | |
| **WAYNE A. HENRY,** | * | |
| **BEBO LOGISTICS, INC.,** | * | |
| **PROGRESSIVE EXPRESS** | * | |
| **INSURANCE COMPANY,** | * | |
| **JOHN DOE, and ABC CORP. 1-5,** | * | |
| | * | |
| **Defendants.** | * | |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PROGRESSIVE EXPRESS INSURANCE COMPANY** by electronically filing and having copies served on the following:

Wayne A. Henry
(Defendant)
2565 Centergate Drive, Apartment 102
Miramar, Florida 33025

Bebo Logistics, Inc.
(Defendant)
c/o Wayne A. Henry
16207 SW 48th Street
Miramar, Florida 33027

Progressive Express Insurance Company
(Defendant)
c/o CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

*(Signature on Following Page)*

Respectfully submitted, August 23, 2021.

                                    **KARELL TRIAL ATTORNEYS, L.L.C.**

                                    */s/ Clark R. Karell, Jr.*
                                    Clark R. Karell, Jr.
                                    Georgia Bar No. 892930
                                    *Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KENDRIANNA HOLLIS, | * | |
| | * | **CIVIL ACTION FILE** |
| Plaintiff, | * | **NO.**_____ |
| | * | |
| vs. | * | |
| | * | |
| WAYNE A. HENRY, | * | |
| BEBO LOGISTICS, INC., | * | |
| PROGRESSIVE EXPRESS | * | |
| INSURANCE COMPANY, | * | |
| JOHN DOE, and ABC CORP. 1-5, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING
INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT PROGRESSIVE EXPRESS INSURANCE COMPANY**

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following

Admissions and Interrogatories, separately and fully in writing under oath, and to serve your

answer upon counsel for Plaintiff, Clark R. Karell Jr., Esq., with Karell Trial Attorneys, L.L.C.,

located at 3344 Peachtree Road, NE, Suite 800, in Atlanta, GA 30326, (678) 999-3331, within

forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of

the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories,

you continue to be under a duty to supplement those Interrogatories to include information

thereafter acquired with respect to any question directly addressed to the identity and location of

persons having knowledge of discoverable matters and the identity of each person expected to be

called as an expert witness at trial, the subject matter on which he is expected to testify, and the

substance of his testimony.  Furthermore, you are under a continuing duty seasonably to amend a

prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses.  O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply.  If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.  If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. <u>INSTRUCTIONS</u>

<u>Objections Based on Privilege</u>.  If any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e)   The number of each specific document request to which the withheld document is responsive; and

(f)   If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)   Identify and describe such document by date, title, and type of document;

(b)   State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)   State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)   Identify all persons having knowledge of the contents thereof.

Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## III. <u>DEFINITIONS</u>

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents has been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff or Plaintiffs in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable,

or if not, the best available approximation (including relationship to other events).

7. As used herein, "identify" or "specify," when used in reference to:

(a) a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b) in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c) in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

8. When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## IV. <u>REQUEST FOR ADMISSIONS</u>

1.

Please admit that you have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

Please admit that you have been properly served as a party Defendant.

3.

Please admit that service of process is sufficient with regard to you in this case.

4.

Please admit that the State Court of Fulton County has jurisdiction over the subject matter of this case.

5.

Please admit that the State Court of Fulton County has personal jurisdiction over you as a party Defendant in this case.

6.

Please admit that Venue is proper in the State Court of Fulton County.

7.

Please admit that the Plaintiff states a claim upon which relief can be granted.

8.

Please admit that the Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

Please admit that on January 8, 2021, you insured the 2017 Freightliner FRT TT semi-truck (hereinafter the "Truck") driven by Defendant Wayne A. Henry (hereinafter "Defendant Henry") pursuant to policy number 02697286

10.

Please admit that on January 8, 2021, you provided a policy of liability/indemnity insurance on behalf of Defendant Bebo Logistics Inc, (hereinafter "Defendant Bebo") with combined single limits of $1,000,000.00.

11.

Please admit that you are the primary indemnity/liability insurance covering the event at issue, providing $1,000,000.00 to Defendants in this matter.

12.

Please admit that on January 8, 2021, Defendant Bebo was a motor carrier of freight as defined by Georgia law.

13.

Please admit that on January 8, 2021, Defendant Bebo was a motor common carrier of freight as defined by Georgia law.

14.

Please admit that you are an insurance company licensed and/or authorized to do business in the state of Georgia.

15.

Please admit that the collision that is the subject matter of this litigation occurred within the State of Georgia, and within the applicable insurance policy period.

16.

Please admit that you are subject to suit by direct action in the above-referenced case pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.

17.

Please admit that all prerequisites and requirements of proving the primary indemnity/liability insurance up to the policy limits of $1,000,000.00 and issued by you have been met by Plaintiff for purposes of trial and coverage and no further proof is needed at trial.

## V. <u>INTEROGATORIES</u>

1.

Please identify each and every person who assisted in the preparation of your responses to these Interrogatories or who have provided information used for responding to these Interrogatories.

2.

Please identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge or relevant information concerning facts or circumstances in this case.

3.

Please identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

4.

Please identify all liability or other insurance coverage relating to the matter alleged in the Plaintiff's Complaint, the number or numbers of such policies, the amount of liability or other coverage provided in each policy and the named insured in the same.

5.

Please furnish a detailed factual basis for each defense and/or counterclaim you assert in your answer to Plaintiff's Complaint.

6.

Please identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail the following:

(a) The subject matter upon which each expert either has, or is expected to investigate and form an opinion;
(b) The substance of the facts known and opinions held by each expert; and
(c) A detailed summary of the grounds for each such opinion.

7.

Please identify any photographs of the vehicles involved in this incident and/or the accident scene.

8.

Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit? If so, please state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether you have notified each such person or entity of your contention.

9.

Please identify all facts and records that would support any contention that Plaintiff's injuries pre-existed the wreck or were not caused by the collision or that symptoms had been exaggerated or that treatment was unnecessary or charges improper.

10.

Please describe every policy of insurance that could possibly apply to the motor-vehicle collision of January 8, 2021 by carrier name, policy number, and policy limits.

11.

If Defendant Bebo is covered by any of the exemptions of O.C.G.A. §40-1-100(12)(B) please identify which exemption and provide a brief explanation of why it is applicable to Defendant on the date of this loss.

12.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

13.

If you maintain that the collision of January 8, 2021 did not produce an actionable injury please explain why.

14.

Please identify everyone with a presence in Fulton County who is authorized to sell insurance for Defendant. For each authorized salesperson please indicate if they are an independent sales agent or an employee of Defendant.

15.

Please describe all of Defendant's business in Fulton County, if any.

16.

If you maintain that this direct action is inappropriate as currently filed, please explain why.

## VI. **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please produce all documents, that you identified or were requested to identify in Plaintiff's First Continuing Interrogatories to Defendant, or which otherwise reflect, refer to, evidence, comment upon, or relate in any way to the information requested in Plaintiff's First Continuing Interrogatories to Defendant.

2.

Please produce all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant's responses to Plaintiff's First Continuing Interrogatories to Defendant.

3.

Please produce all documents which Defendant contends contain relevant information in support of any defense asserted by Defendant in this lawsuit.

4.

Please produce all insurance policies for which your insured has liability or other insurance coverage relating to the subject matter of this litigation.

5.

Please produce any and all documents other than those requested above or below that reflect, refer, or relate to any of the facts that form the subject matter of this litigation.

6.

Please produce all accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation.

7.

Please produce a copy of any deposition or sworn statement ever given by you relating to the subject matter of this litigation.

8.

Please produce all photographs of the vehicles involved in the incident which is the subject matter of the present civil action.

9.

Please produce all documents related to the property damage of either vehicle involved in this collision.

10.

Please produce a copy any downloads from any of the involved vehicles.

11.

Please produce a copy of any application for insurance between Defendant Bebo and Defendant.

12.

If Defendant ran a TDS report or any other risk-profile report on Defendant Bebo when deciding whether or not to issue a policy to that company, please produce a copy of these reports.

13.

Pursuant to O.C.G.A. § 9-11-34, please produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

*(Signature on Following Page)*

Respectfully submitted, August 23, 2021.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

State Court of Fulton County
**E-FILED**
21EV004992
9/13/2021 6:01 PM
Christopher G. Scott, Clerk
Civil Division

## STATE COURT OF GWINNETT
## COUNTY STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

| Clark R. Karell, Jr. |
| Karell Trial Attorneys, L.L.C. |
| 3344 Peachtree Road, NE, Suite 800 |
| Atlanta, Georgia 30326 |

**Attorney or Plaintiff Name and Address**

Kendrianna Hollis                          VS.          Progressive Express Insurance Co.
                                                        c/o CT Corporation System
_____                        289 S Culver Street
_____                        Lawrenceville, GA 30046
**Name and Address of PLAINTIFF**                       **Name and Address of DEFENDANT**

### SHERRIFF'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, GWINNETT COUNTY
I have this day served the defendant(s) _____
_____personally with a copy of the within action and summons.
This_____day of_____,_____.
                                                        **DEPUTY Sheriff**

**NOTORIOUS**

GEORGIA, GWINNETT COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.
Delivered same in hands of_____, a
_____described as follows:
Age, about_____years; weight, about_____lbs; height, about_____ft._____in.,
Domiciled at the residence of the defendant(s).
This_____day of_____,_____.
                                                        **DEPUTY SHERIFF**

**CORPORATION**

GEORGIA, GWINNETT COUNTY
Served the defendant _Progressive Express Insurance Co_, a corporation, by leaving a copy
of the within action and summons with _Linda Banks (RA)_ in charge of the office and doing
business of said corporation, in GWINNETT County, Georgia.
This _31_ day of _August_, 2021. _N. Higgins 30541_
                                                        **DEPUTY SHERIFF**

**BETTER ADDRESS**

GEORGIA, GWINNETT COUNTY

Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:
_____
_____

**NON-EST**

Please furnish this office with a new service form with the correct address.
This_____day of_____,_____.
                                                        **DEPUTY SHERIFF**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV004992**
**9/20/2021 6:05 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

# BROWARD COUNTY SHERIFF'S OFFICE

2601 West Broward Blvd Fort Lauderdale, Florida  33312

## RETURN OF SERVICE

Sheriff # 21041629

Kendrianna Hollis VS Wayne A. Henry, et al

Court Case # 21EV004992

Hearing Date:
Received by CCN 10861
09/07/2021 8:59 AM

Type of Writ: Out of State/Summons/Complaint/Notice          Court: State / GA

Serve: **Bebo Logistics    16207 SW 48th Street  Miramar FL 33027**

| | |
|---|---|
| Served: | ☐ |
| Not Served: | ☒ |

Karell Trial Attorneys, L.L.C.
3344 Peachtree Road NE
Suite
Atlanta GA 30326

**Date:** 09/16/2021  **Time:** 11:39 AM

### Service Attempts:

| Date | Time | Name | Address |
|---|---|---|---|
| 09/14/2021 | 10:35 AM | Jones-McDuffie/10861 | 16207 SW 48th Street  Miramar FL 33027 |
| | **Notes:** No answer at residence, business card left. | | |
| 09/14/2021 | 10:35 AM | Jones-McDuffie/10861 | 16207 SW 48th Street  Miramar FL 33027 |
| | **Notes:** No answer business card left. | | |

<u>**COMMENTS**</u>: Per Ex-Girlfriend Marcia Martin 59 YO BF advised Mr. Henry no longer resides at this address nor in Florida but in Atlanta Georgia as of Oct/2020

**You can now check the status of your writ by visiting the Broward Sheriff's Office Website at www.sheriff.org and clicking on the icon "Service Inquiry"**

**Gregory Tony, Sheriff**
**Broward County, Florida**

By: *Jones-McDuffie 10861*          D.S.

G. Jones-McDuffie, #10861

| RECEIPT INFORMATION | | EXECUTION COSTS | | DEMAND/LEVY INFORMATION | |
|---|---|---|---|---|---|
| Receipt # | 18933 | Service | $100.00 | Judgment Date | n/a |
| Check # | 2662 | | | Judgment Amount | $0.00 |
| Service Fee | $100.00 | | | Current Interest Rate | 0.00% |
| On Account | $0.00 | | | Interest Amount | $0.00 |
| Quantity | | | | Liquidation Fee | $0.00 |
| Original | 2 | | | Sheriff's Fees | $100.00 |
| Services | 2 | | | Sheriff's Cost | $0.00 |
| | | | | Total Amount | $100.00 |

09/17/2021 FRI 11:30 FAX

Case 1:21-cv-03999-JPB   Document 1-1   Filed 09/28/21   Page 35 of 36

State Court of Fulton County
**E-FILED**
21EV004992
9/20/2021 6:05 PM
Christopher G. Scott, Clerk
Civil Division

# BROWARD COUNTY SHERIFF'S OFFICE

2601 West Broward Blvd Fort Lauderdale, Florida  33312

## RETURN OF SERVICE

Sheriff # 21041629

Kendrianna Hollis VS Wayne A. Henry, et al

Court Case # 21EV004992

Hearing Date:
Received by CCN 10861
09/07/2021 8:59 AM

Type of Writ: Out of State/Summons/Complaint/Notice      Court: State  /  GA

Serve: **Wayne  A. Henry     2565 Centergate Drive  Apt 102 Miramar FL 33025**

| | |
|---|---|
| Served: | |
| Not Served: | X |

Karell Trial Attorneys, L.L.C.
3344 Peachtree Road NE
Suite
Atlanta GA 30326

**Date:** 09/16/2021  **Time:** 11:42 AM

| Service Attempts: | | | |
|---|---|---|---|
| Date | Time | Name | Address |
| 09/03/2021 | 9:57 AM | Jones-McDuffie/10861 | 2565 Centergate Drive  Apt 102 Miramar FL 33025 |
| | **Notes:** Received call from Freddie Alvarez who advised no one @address by name Wayne Henry | | |
| 09/14/2021 | 10:37 AM | Jones-McDuffie/10861 | 2565 Centergate Drive  Apt 102 Miramar FL 33025 |
| | **Notes:** No answer at residence, business card left at 16207 SW 48th ST, Miramar FL 33023 | | |
| 09/14/2021 | 10:37 AM | Jones-McDuffie/10861 | 2565 Centergate Drive  Apt 102 Miramar FL 33025 |
| | **Notes:** No answer at residence, business card left. | | |

<u>COMMENTS</u>: Per Ex-Girlfriend Marcia Martin 59 YO BF advised Mr. Henry no longer resides at this address nor in Florida but in Atlanta Georgia as of Oct/2020

**You can now check the status of your writ by visting the Broward Sheriff's Office Website at www.sheriff.org and clicking on the icon "Service Inquiry"**

**Gregory Tony, Sheriff
Broward County, Florida**

By: *Jones-McDuffie 10861*                                  D.S.

G. Jones-McDuffie, #10861

| RECEIPT INFORMATION | | EXECUTION COSTS | | DEMAND/LEVY INFORMATION | |
|---|---|---|---|---|---|
| Receipt # | 18933 | Service | $100.00 | Judgment Date | n/a |
| Check # | 2662 | | | Judgment Amount | $0.00 |
| Service Fee | $100.00 | | | Current Interest Rate | 0.00% |
| On Account | $0.00 | | | Interest Amount | $0.00 |
| Quantity | | | | Liquidation Fee | $0.00 |
| Original | 2 | | | Sheriff's Fees | $100.00 |
| Services | 2 | | | Sheriff's Cost | $0.00 |
| | | | | Total Amount | $100.00 |

State Court of Fulton County
**E-FILED**
21EV004992
9/24/2021 4:13 PM
Christopher G. Scott, Clerk
Civil Division

IN THE SUPERIOR/STATE COURT OF ___FULTON___ COUNTY

CIUJL

**STATE OF GEORGIA**

___KENDRIANNA  HOLLIS___   CIVIL ACTION NUMBER ___21EV004992___

_____

_____

PLAINTIFF

Vs.

___WAYNE HENRY___
___1455  SATELLITE  BLUD___ NW  APT 7206
___SUWANEE,  GA  30024___
DEFENDANT

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Karell Trial Attorneys, L.L.C.**
**3344 Peachtree Road NE**
**Suite 800**
**Atlanta, GA 30326**
**(678) 999-3331**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, _____.

Clerk of Superior Court/State Court

By:_____

Deputy Clerk

SC-1 Rev. 85